## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

DOUGLAS MACHINE INC.,                    Court File No. _____

           Plaintiff,

v.

                                            **COMPLAINT**

GENESIS ADVANCED TECHNOLOGY
INC. and GENESIS ROBOTICS LLP,              (Jury Trial Demanded)

           Defendants.

### NATURE OF THE ACTION

This is a civil action started by Douglas Machine, Inc. over Defendants' breach of contract and wrongful conduct in connection with numerous patent and trademark rights in violation of the Parties' Development Consulting Agreement.

By this suit, Douglas Machine states a Declaratory Judgment Claim for correction of ownership and also claims breach of Agreement, misappropriation of intellectual property rights, unjust enrichment, and infringement of United States Patent No. 9,683,612. Douglas Machine seeks all available remedies, including but not limited to an Award of injunction, an Award of money damages (including its attorneys' fees) and an Order instructing the United States Patent and Trademark Office to correct title on a number of patent and trademark records.

## JURISDICTION AND VENUE

1.      This is an action brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

2.      This Court has original jurisdiction as this civil action relates to patents under the patent laws of the United States, 35 U.S.C. §1 *et seq.* and 28 U.S.C. § 1338, and relates to trademarks under 15 U.S.C. § 1119 and 15 U.S.C. § 1121.

3.      This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  This action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      This Court has supplemental jurisdiction over the subject matter of the related claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendants are subject to both general and specific jurisdiction because they have conducted business in the State of Minnesota and within this jurisdiction sufficient to bestow personal jurisdiction.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.      Plaintiff Douglas Machine Inc. is a Minnesota corporation having its principal place of business at 3404 Iowa Street, Alexandria, Minnesota 56308.

7.      Defendant Genesis Advanced Technology Inc. is a Canadian corporation with its principal place of business at 6279 202 St, Langley, BC V2Y 1N1, Canada.

8.      Defendant Genesis Robotics LLP is a Canadian limited liability partnership with its principal place of business at6279 202 St, Langley, BC V2Y 1N1, Canada.

2

## FACTS

9.     Douglas Machine Inc. was founded in Minnesota more than fifty years ago with a vision to invent and build exceptional automated packaging machinery.

10.     Today, Douglas Machine Inc. is a recognized leader in paperboard, corrugated and shrink film packaging solutions.

11.     Over the years, a number of patents have issued to Douglas Machine's employee-inventors, and Douglas Machine has come to own those inventions and others along with a number of the trademarks, so that today Douglas Machine is owner of nearly one hundred intellectual property records.

12.     In furtherance of their inventive efforts, in 2013, Douglas Machine and the Genesis Defendants entered into a Development Consulting Agreement attached here as Exhibit A.

13.     The Agreement provides that with respect to "Solely and Jointly Developed Technology" that

> "Douglas shall own all inventions and improvements made by Genesis under this Agreement to Douglas Products and/or Douglas Technology, whether or not such improvements and inventions were made solely by Genesis or jointly with Douglas or other parties, and Genesis hereby assigns . . . all its rights and interests to such inventions and improvements, including all goodwill associated therewith, to Douglas without need for additional consideration."

§ 5.1(b) Development Consulting Agreement, Exhibit A.

14.     Pursuant to the Agreement, and at all relevant times, Douglas Machine paid monies to the Genesis Defendants and performed its obligations under the Agreement.

3

15.     Without proper notice to Douglas Machine and since the inception of the parties' Agreement, the Genesis Defendants have filed for and are listed as owners, assignors, assignees and serve as licensors, and licensees of certain intellectual property, including the United States and the Canadian intellectual property (*i.e.*, patent and trademark) records listed on Exhibit B hereto, an excerpt of which appears here:

| Title | Country | Patent No. | App. No. | Filing Desk |
|-------|---------|-----------|----------|-------------|
| Actuator | US | | 14409973 | 12/19/2014 |
| Actuator | CA | | 2877403 | 12/19/2014 |
| Wave Actuator | US | | 15130916 | 4/15/2016 |
| Wave Actuator | US | 9683612 | 15130922 | 4/15/2016 |

*See* Exhibit B. (Column headings added for reading ease).

16.     On June 20, 2017, United States Patent No. 9,683,612 (hereinafter the '612 Patent) entitled "Wave Actuator" issued:

# United States Patent
### Klassen

(10) Patent No.: **US 9,683,612 B2**

(45) **Date of Patent:** **Jun. 20, 2017**

**WAVE ACTUATOR**

Applicant: **Genesis Robotics LLP**, Langley (CA)

Inventor: **James Brent Klassen**, Langley (CA)

Assignee: **Genesis Robotics LLP**, Langley (CA)

Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

Appl. No.: **15/130,922**

Filed: **Apr. 15, 2016**

### Prior Publication Data

US 2016/0305493 A1      Oct. 20, 2016

### Related U.S. Application Data

Provisional application No. 62/148,175, filed on Apr. 15, 2015, provisional application No. 62/149,594, filed on Apr. 18, 2015, provisional application No. 62/151,284, filed on Apr. 22, 2015.

**Int. Cl.**
| | |
|---|---|
| *H02N 2/10* | (2006.01) |
| *F16D 11/14* | (2006.01) |
| *F16D 13/22* | (2006.01) |
| *F16D 13/64* | (2006.01) |
| *F16D 27/00* | (2006.01) |
| *F16D 11/00* | (2006.01) |

**U.S. Cl.**
CPC .............. *F16D 11/14* (2013.01); *F16D 13/22* (2013.01); *F16D 13/64* (2013.01); *F16D 27/004* (2013.01); *H02N 2/10* (2013.01); *F16D 2011/008* (2013.01); *F16D 2500/1022* (2013.01)

**Field of Classification Search**
CPC .. H02N 2/10; H02N 2/12; H02N 2/16; H02N 2/163; H02N 2/166; H01L 41/08

USPC ........................................ 310/323.01–323.21
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,389,274 | A | 6/1968 | Robertson |
| 3,964,316 | A | 6/1976 | Abe |
| 5,034,606 | A | 7/1991 | Ohkubo et al. |
| 5,148,068 | A | 9/1992 | Kushida et al. |
| 5,264,755 | A | 11/1993 | Hettlage et al. |
| 5,726,519 | A | 3/1998 | Gonnard et al. |
| 5,834,878 | A | 11/1998 | Nakanishi |
| 6,155,220 | A | 12/2000 | Marriott |
| 6,437,485 | B1 | 8/2002 | Johansson |
| 6,664,711 | B2 | 12/2003 | Baudendistel |
| 7,161,278 | B2 | 1/2007 | Johansson |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CA | 2 813 000 A1 | 4/2012 |
| CA | 2 877 403 A1 | 12/2013 |

(Continued)

OTHER PUBLICATIONS

Uchino, K., "Piezoelectric ultrasonic motors: overview", Smart Mater. Struct. 7 (1998), 13 pgs.

(Continued)

Primary Examiner — Derek Rosenau

(74) *Attorney, Agent, or Firm* — Seed IP Law Group LLP

(57)                **ABSTRACT**

A two dimensional structure such as a disk or belt is shaped or distorted to form a buckling wave. At least one contact touches the wave, two contacts squeezing the wave between them providing a firmer connection. The wave is propagated along the structure by any of a variety of means including magnets or piezo actuators. This movement of the wave moves the contacts relative to the two dimensional structure, providing a high leverage ratio.

**24 Claims, 57 Drawing Sheets**

A copy of the '612 Patent is attached hereto as Exhibit C.

17.   By the foregoing actions, the Genesis Defendants are in breach and violation of the Agreement and have proximately caused Douglas Machine damage.

18.     Further - without proper notice to Douglas Machine and since the inception of the Agreement, and as illustrated in the attached Exhibit D and as of the date of this Complaint, the Genesis Defendants have launched and are making, using, selling or offering to sell one or more products using novel robotics technologies that are intended to have broad application and use across a wide variety of industries:

**Exhibition stand**

**Hall 17, Stand D66**
Open Exhibition Grounds map 📍

**Contact(s)**
Mr. Marketing Manager Riley Gibney
Marketing Manager / Marketing / Advertising / PR

Send E-mail ✉
Phone: +1 866 682 3085
Fax: +1 866 682 3085

**Product description**

The Genesis LiveDrive is a breakthrough, a direct-drive actuator with torque-to-weight that can meet or beat the best motor-gearbox actuators. The LiveDrive provides dramatically higher speed and phenomenally greater stopping torque, which means robots can be much safer.

LiveDrive is also elegantly simple. Competitive actuators have dozens of moving parts, LiveDrive has only one. And LiveDrive is designed to be mass produced by robots at a fraction of the cost of present day actuators.

LiveDrive will make robots faster, safer and less expensive, changing the industry forever.

Product website ↗

**Product categories**

🔗 Control, automation and robot technology (innovative technologies)
🔗 Motion, drive and automation solutions for general industrial areas
🔗 New developments and trends in actuator technology
🔗 Safe actuators

**All products offered by this exhibitor**

See Exhibit D.

6

19.     By the foregoing actions, the Genesis Defendants have launched and are making, using, selling or offering to sell one or more products that infringe upon the patent rights owned by Douglas Machine.

## COUNT 1 – BREACH OF AGREEMENT

20.     Douglas Machine incorporates the allegations of Paragraphs 1-19 above.

21.     In the course of their dealings, the Genesis Defendants accepted payments of money and inventive effort from Douglas Machine.

22.     The Genesis Defendants were and are bound by the Development Consulting Agreement.

23.     Through their wrongful conduct in connection with the numerous patent and trademark rights on Exhibit B, the Genesis Defendants are in breach of their Agreement.

24.     As a direct and proximate result of the Genesis Defendants' breach, Douglas Machine has been damaged in excess of seventy-five thousand dollars ($75,000.00) to be proven with specificity at trial.

## COUNT 2 - UNJUST ENRICHMENT

25.     Douglas Machine incorporates the allegations of Paragraphs 1-24 above.

26.     In the course of their dealings, the Genesis Defendants accepted payments of money and inventive effort from Douglas Machine.

27.     Absent their dealings, the Genesis Defendants would not have developed the intellectual property that appears on Exhibit B hereto.

8346380v6

28.     The Genesis Defendants have no rightful or legitimate claim to the intellectual property under the Development Consulting Agreement.

29.     The Genesis Defendants have used, and are using, intellectual property that belongs to Douglas Machine without providing any compensation to Douglas Machine.

30.     The Genesis Defendants' misappropriation of this intellectual property was and is a benefit to the Genesis Defendants, whose ownership, licensure and use, without providing compensation, constitutes unjust enrichment.

31.     The circumstances are such that it would be unjust for the Genesis Defendants to retain the benefit.

32.     As a direct and proximate result of the unfair competition, Douglas Machine been damaged in excess of seventy-five thousand dollars ($75,000.00) to be proven with specificity at trial.

## COUNT 3 – CORRECTION OF OWNERSHIP
## AT THE UNITED STATES PATENT AND TRADEMARK OFFICE

33.     Douglas Machine incorporates the allegations of Paragraphs 1-32 above.

34.     Pursuant to 28 U.S.C. §2201 and 28 U.S.C. §2202, Douglas Machine seeks a declaration of its ownership rights to the patents and applications in Exhibit B.

## COUNT 4 – PATENT INFRINGEMENT

35.     Douglas Machine incorporates the allegations of Paragraphs 1-34 above.

36.     On June 20, 2017, United States Patent No. 9,683,612 (hereinafter the '612 Patent) entitled "Wave Actuator" issued.  A copy of the '612 Patent is attached hereto as Exhibit C.

37.     As illustrated in the attached Exhibit D and as of the date of this Complaint, the Genesis Defendants have launched and are making, using, selling and/or offering to sell one or more products that infringe upon Douglas Machine's ownership rights in the '612 Patent.

38.     The Genesis Defendants are aware of Douglas Machine's rights to the '612 Patent and have been aware of Douglas Machine's rights to the '612 Patent at all relevant times, making the infringement thereof willful.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a trial on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests judgment as follows:

1.     Entering judgment ordering the Director of the United States Patent and Trademark Office to list Douglas Machine as owner of the patents and applications listed in Exhibit B, and particularly the '612 Patent;

2.     That Defendants and their officers, agents, servants and employees, and those in active concert or participation with any of them be preliminarily and permanently enjoined and restrained from using and licensing the intellectual property belonging to Douglas Machine under the Agreement;

3.     That the '612 Patent is infringed by virtue of Defendants' conduct;

4.     That Defendants and their officers, agents, servants and employees, and those in active concert or participation with any of them, be enjoined from infringing the '612 Patent;

9

5.      That an Accounting be had for damages arising out of Defendants' infringement of the '612 Patent, including treble damages for willful infringement as provided by 35 U.S.C. §§284 and 285;

6.      That Defendants be required to pay Douglas Machine further money damages due for breach of Agreement;

7.      That Defendants be ordered to pay Douglas Machine all of its litigation expenses, including costs, disbursements, and attorneys' fees;

8.      That Douglas Machine take such other and further relief as the Court may deem just and proper.

Date:  June 22, 2017                    **BRIGGS AND MORGAN, P.A.**


By:____*s/ Kristine M. Boylan*_____
    Kristine M. Boylan (#0284634)
    Ruvin Jayasuriya (#0397510)
    kboylan@briggs.com
    rjayasuriya@briggs.com

2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400

**ATTORNEYS FOR DOUGLAS MACHINE INC.**